# IN THE COURT OF APPEALS OF IOWA

No. 20-0309
Filed April 15, 2020

**IN THE INTEREST OF L.J.,**
**Minor Child.**

**T.B., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Michelle Jungers of Iowa Legal Aid, Waterloo, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Tammy L. Banning of Juvenile Public Defender's Office, Waterloo, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., Schumacher, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

The mother and child came to the attention of the Iowa Department of Human Services (DHS) at the time of the child's birth in January 2019 when the mother tested positive for marijuana and the child for marijuana and opioids. The mother admitted to ongoing use of marijuana and methamphetamine throughout her pregnancy. The parents agreed to voluntary safety services. The family was residing with the paternal grandparents. In April, the parents relapsed on methamphetamine and marijuana. It was also discovered that the paternal grandparents were engaged in marijuana use. The child was removed from the parents' care and adjudicated as in need of assistance.

Thereafter, the mother obtained housing and reported her participation in treatment. She tested positive for methamphetamine in July, upon which DHS investigated and learned the mother had participated very little in substance-abuse or mental-health treatment. The mother again admitted to using methamphetamine later that month. The mother's participation in visits with the child was inconsistent, and a service provider reported the mother appeared to be under the influence and fell asleep at a visit in late August. Following a mental-health evaluation, the mother was diagnosed with affective major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, other specified personality disorder, attention deficit hyperactivity disorder, impulsive presentation, and amphetamine type substance-abuse disorder. The mother's substance-abuse counselor recommended the mother engage in inpatient treatment; the mother refused. The mother was directed to submit to random drug testing. By the time of the termination hearing in December, the mother had only

submitted to three of the fourteen requests for drug testing. While she tested negative on all occasions,[1] a service provider opined the mother was being selective as to when she would submit to drug testing, and she would only participate when she was confident she would test negative. At some point, the child's maternal grandmother moved into the mother's apartment, despite the mother's knowledge it would serve as a barrier to reunification given the grandmother's history of substance abuse.

Following a permanency hearing, the juvenile court directed the State to initiate termination proceedings. By November, the mother was homeless. The mother's participation in substance-abuse and mental-health treatment continued to be sporadic. Later that month, the mother moved in with a new boyfriend, an individual with a long history of criminal activity, including several controlled-substance violations. The juvenile court ultimately terminated the mother's parental rights under Iowa Code section 232.116(1)(e), (h), and (*l*) (2019).

The mother now appeals.[2] She challenges the sufficiency of the evidence supporting the statutory grounds for termination cited by the juvenile court and argues she should have been granted an additional six months to work toward reunification.

We review termination-of-parental-rights proceedings de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of

---

[1] The first test the mother submitted to only tested for alcohol.
[2] The parental rights of the child's father were also terminated. He does not appeal.

which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

As noted, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(e), (h), and (*l*). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). As to termination under section 232.116(1)(h), the mother only challenges the State's establishment of the final element of that provision—that the child could not be returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4) (requiring clear and convincing evidence that the child cannot be returned to the custody of the child's parents at the present time); *D.W.*, 791 N.W.2d at 707 (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").

The mother simply argues the State failed to show placement of the child in her care would not expose the child to a threat of harm. The mother failed to consistently and meaningfully address the issues precipitating removal, her substance abuse and mental health. The mother's participation in treatment to remedy those issues was inconsistent and sporadic. The mother points to the lack of positive drug tests in the months leading up to the termination hearing. However, she fails to recognize the fact that she largely evaded drug testing. We presume these missed drug screens would have resulted in positive screens. *See, e.g., In re L.B.*, No. 17-1439, 2017 WL 6027747, at *2 (Iowa Ct. App. Nov. 22, 2017); *In re C.W.*, No. 14-1501, 2014 WL 5865351, at *2 (Iowa Ct. App. Nov. 13, 2014) ("She has missed several drug screens, which are thus presumed 'dirty,'

i.e., they would have been positive for illegal substances."). The mother was also inconsistent in attending visitation and demonstrating her ability to properly care for a young child. Upon our de novo review of the record, we conclude the State met its burden to show the child could not be returned to the mother's care at the time of the termination hearing.[3]

We turn to the mother's request for a six-month extension. If, following a termination hearing, the court does not terminate parental rights but finds there is clear and convincing evidence that the child is a child in need of assistance, the court may enter an order in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). Section 232.104(2)(b) affords the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." The mother was requested to engage in inpatient substance-abuse treatment. She refused. While she engaged in outpatient treatment, her involvement can only be described as limited at best. The mother has also been sporadic in attending visitation with the child. She would need to fully engage in services for an extended period of time and would then need to progress well beyond unsupervised visitation before the child could be placed in her care. We

---

[3] The mother does not argue termination is contrary to the child's best interests or should be averted by application of a statutory exception to termination. *See* Iowa Code § 232.116(2), (3). Thus, we need not address these steps in the termination framework. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

To the extent the mother argues the State failed to make reasonable efforts at reunification, we agree with the State that the mother has not preserved error, as she did not raise the issue prior to the termination hearing. *See In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005). Even if the mother had preserved error, we would conclude the State's efforts were reasonable under the circumstances of the case.

are unable to conclude "the need for removal . . . will no longer exist at the end of the additional six-month period," and we therefore affirm the juvenile court's denial of the mother's request for an extension.  *See id.* § 232.104(2)(b).

We affirm the juvenile court's termination of the mother's parental rights.

**AFFIRMED.**